## James Harvey *versus* Apollos Tobey.

After a promissory note had been for some time due, an indenture was executed between the maker and his creditors, by which he assigned his property in trust for such of his creditors as should become parties to the indenture, and the creditors covenanted to discharge him from all claim or demand, action, or right of action, for the space of seven years, upon receiving their respective proportions of the property. The promisee executed the indenture. It was *held*, that this indenture did not suspend the operation of the statute of limitations as to the note.

This was assumpsit on two promissory notes, made by Samuel Tobey & Son, of which firm the defendant was a member, and payable to the plaintiff or his order. The first note, which was dated December 27, 1820, was for the sum of $246, and was payable on demand. On this note there were several indorsements acknowledging the receipt of different sums of money in part payment of the note ; the last indorsement was dated November 22, 1825. The second note, which was for the sum of $25, was dated August 26, 1822, and was also payable on demand ; on this note also were two similar indorsements, the last of which was dated December 31, 1823. The writ was dated February 22, 1833.

The defendant pleaded the general issue, which was joined. Also *non assumpsit infra sex annos*, and *actio non accrevit infra sex annos*. The plaintiff replied a new promise within six years, and that the action did accrue within six years Upon these replications issue was also joined

The parties stated a case.

Samuel Tobey, the father and partner of the defendant. died before the commencement of this action.

In support of the replications, the plaintiff proved, that on December 3, 1822, an indenture was executed between Samuel Tobey & Son, of the first part, Barzillai Crane and David G. W. Cobb, of the second part, and several creditors of S. Tobey & Son, among whom was the plaintiff, of the third part, by which the property of S. Tobey & Son was assigned to Crane and Cobb, in trust for such of the creditors as should become parties to the indenture, to be equally divided among them. This indenture contained the following clause. " And the said creditors, on their part,

covenant and hereby agree with the said Samuel and Apollos, to acquit and discharge them from all claim or demand, action or right of action, for the space of seven years, upon receiving from said assignees their respective proportions of said moneys as aforesaid."

The last indorsements upon the notes in question were made in consequence of payments made to the plaintiff by Crane.

If these facts were sufficient to take the case out of the statute of limitations, the defendant was to be defaulted ; if otherwise, the plaintiff was to become nonsuit

*Oct. 24th.*  *Mann* and *S. Williams*, for the plaintiff, to the point, that the statute proceeds upon the presumption, that the debt has been paid, but that the evidence of such payment is lost, cited *Baxter* v. *Penniman*, 8 Mass. R. 133 ; *Leaper* v. *Tatton*, 16 East, 420 ; *Yea* v. *Fouraker*, 2 Burr. 1099 ; *Thornton* v. *Illingworth*, 2 Barn. & Cressw. 824 ; 12 Petersdorff's Abr. 344 ; *Mountstephen* v. *Brooke*, 3 Barn. & Ald. 141 ; to the point, that whatever rebuts the presumption of payment, takes the case out of the statute, *Whitney* v. *Bigelow*, 4 Pick. 112 ; *Catling* v. *Skoulding*, 6 T. R. 189 ; *Union Bank* v. *Knapp*, 3 Pick. 96 ; *Hinsdale* v. *Larned*, 16 Mass. R. 65 ; *Homer* v. *Fish*, 1 Pick. 435.

*Coffin*, for the defendant.

*Per Curiam.* The Court are of opinion, that the facts shown do not support the replication, either of a new promise, or of a cause of action accrued within six years before the commencement of the suit. It is very possible that this result may be inconsistent with the expectations of the parties, when they entered into the contract of assignment ; but we think it is a necessary result, from the application of well known rules of law. The uniform construction of the statute of limitations has been, that where it has once attached and commenced running, it shall continue, notwithstanding the intervention of any of the disabilities. The only ground on which the plaintiff relies, is that after these notes had been some time due, and of course after the statute of limitations had attached, the plaintiff, with other creditors, in consideration of an assignment of property, covenanted with the de-

fendant to acquit and discharge him from all claim or demand, action or right of action, for the space of seven years. Whatever else may have been the construction of this covenant, we think it did not suspend the operation of the statute. This stipulation was general; and applied to all creditors, and might have an effectual operation, without being held to defeat all rights of action. To specialty creditors, to the holders of attested notes, to creditors having other collateral security, it would present no bar. What would have been the operation of this covenant or release, had the plaintiff commenced his action within the seven years, we are not called upon to decide, and it might present a difficult question. No such action was commenced, and no acknowledgment or new promise was required within the six years. If it could legally operate, according to its terms, as an acquittance and release of all right of action for seven years, and the plaintiff had no collateral security or other remedy, than a right of action, as a simple contract creditor, then it was a bar to all right of action, or other remedy, than that afforded by the assignment itself. The case is quite distinguishable from that of *Mountstephen* v. *Brooke*, 3 Barn. & Ald. 141, cited in the argument. There a deed was executed within six years before the commencement of the suit, to which the defendants were parties, containing a recital of the continued existence of the debt. And it has often been held, that an unqualified acknowledgment of the present existence of the debt, though made to a stranger and not to the creditor, is a fact from which the law will infer a new promise. We think the evidence stated does not take the case out of the statute of limitations.

*Plaintiff nonsuit.*